UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:
JENNIFER L. & JOSH L. VICKERS,                    Case No.: 10-01427-MAM
    *Debtors*.


In re:
JUDIS D. ROSS,                                    Case No.: 10-02027-WSS
    *Debtor*.


In re:
PHILLIP M. & JEANNIE WADE,                        Case No.: 10-02072-WSS
    *Debtors*.


In re:
CYNTHIA McNEIL,                                   Case No.: 10-02111-WSS
    *Debtor*.


In re:
RICHARD A. & RENEE M. LAWTON,                     Case No.: 10-02157-WSS
    *Debtors*.


**ORDER GRANTING IN PART AND DENYING IN PART
THE CHAPTER 13 TRUSTEE'S OBJECTIONS TO CONFIRMATION**

Stephen L. Klimjack, Attorney for Debtors, Mobile, AL
Jeffery J. Hartley, Attorney for Chapter 13 Trustee
J.C. McAleer, Chapter 13 Trustee

These cases are before the Court on the Chapter 13 Trustee's Objections to Confirmation.

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(1), and the Court has authority to enter a final order. For the following reasons, the

Trustee's Objections to Confirmation are due to be GRANTED in part and DENIED in part.

1

FACTS

In calculating the plan payments of each Debtor, Debtors' counsel initially determined the amount of proposed monthly payments that would be required under a 0% plan and then added that figure to each Debtor's disposable monthly income from Form B22. Where a Debtor's disposable monthly income was negative, no amount was added to the figure that would be required under a 0% plan except that each Debtor's proposed plan percentage was then increased as needed in order to address excess equity or priority claim issues.

Jennifer and Josh Vickers are above-median income debtors. Based on Form B22, they propose to make monthly plan payments in the amount of $595.00. Under the Vickers' proposed plan, the unsecured creditors would receive a payout of 28.67%, or $8,321.40, over the applicable commitment period. Based on Schedules I & J, the Vickers' actual disposable monthly income is $1,002.21. Plan payments of $1,002.21 would result in an increased payout of 100% to unsecured creditors, or $29,026.51, over the applicable commitment period.

Judis Ross is an above-median income debtor. Based on Form B22, Ross proposes to make plan payments in the amount of $888.00. Under Ross' proposed plan, the unsecured creditors would receive a payout of 45%, or $26,850.00, over the applicable commitment period. Based on Schedules I & J, Ross' actual disposable monthly income is $905.94. Plan payments of $905.94 would result in an increased payout of 46% to unsecured creditors, or $27,892.00, over the applicable commitment period.

Phillip and Jeannie Wade are above-median income debtors. Based on Form B22, the Wades' propose to make plan payments in the amount of $608.00. Under the Wade's proposed plan, the unsecured creditors would receive a payout of 3%, or $2,600.00, over the applicable commitment period. Based on Schedules I & J, the Wades' actual disposable monthly income is

$905.94. Plan payments of $905.94 would result in an increased payout of 46% to unsecured creditors, or $27,892.00, over the applicable commitment period.

Cynthia McNeil is an above-median income debtor. Based on Form B22, McNeil proposes to make plan payments in the amount of $605.00. Under McNeil's proposed plan, the unsecured creditors would receive a payout of 6.74%, or $3,700.00, over the applicable commitment period. Based on Schedules I & J, McNeil's actual disposable monthly income is $648.67. Plan payments of $648.67 would result in an increased payout of 18% to unsecured creditors, or $9,925.00, over the applicable commitment period.

Richard and Renee Lawton are above-median income debtors. Based on Form B22, they propose to make plan payments in the amount of $634.00. Under their proposed plan, the unsecured creditors would receive a payout of 16%, or $8,800.00, over the applicable commitment period. Based on Schedules I & J, their actual disposable monthly income is $707.02. Plan payments in the amount of $707.02 would result in an increased payout of 23% to unsecured creditors, or $12,800.00, over the applicable commitment period.

Each of these above-median income debtors proposes a plan payment based on Form B22. The Trustee objects to debtors' use of Form B22 citing *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010), for the proposition that Schedules I & J should be used to calculate the debtor's disposable monthly income where Schedules I & J reflect the actual disposable income the debtor will receive during the plan period.

LAW

Under 11 U.S.C. § 1325(b)(1), if an unsecured creditor or the bankruptcy trustee objects to confirmation the debtor must either pay unsecured creditors in full or pay all "projected disposable income" to be received by the debtor over the applicable plan period. § 1325(b)(2)

3

defines disposable income as "current monthly income received by the debtor…less amounts reasonably necessary to be expended." The Bankruptcy Code does not, however, give an exact definition of "projected disposable income."

At issue in *Hamilton v. Lanning* was whether a bankruptcy court should calculate a debtor's projected disposable income using a "mechanical approach" or a "forward looking approach." Under a mechanical approach, projected disposable income is calculated by multiplying the disposable income listed on Form B22 by the number of months in the commitment period. The United States Supreme Court rejected strict reliance on the mechanical approach, holding that in calculating a chapter 13 debtor's projected disposable income the forward looking approach is best. Under the forward looking approach, the method outlined in the mechanical approach is the beginning calculation and will apply in a majority of cases, but in exceptional cases where significant changes in a debtor's financial circumstances are "known or virtually certain" at the time of confirmation a bankruptcy court has discretion to make an appropriate adjustment. *Id.* at 2474. The practical effect of adopting the forward looking approach is to avoid nonsensical results that may result from strict adherence to the mechanical approach. However, the effect is not to eliminate use of the mechanical approach entirely.

Following Supreme Court precedent, this Court will initially determine projected disposable income by multiplying the disposable income figure listed on Form B22 by the number of months in the commitment period, and in most cases no further calculations will be needed. In unusual cases where there is a significant change in debtor's financial circumstances, this Court may go further and take into account other known or virtually certain information about debtor's future income and expenses, thus arriving at a different projected disposable income figure than would have been calculated using only the mechanical approach. This

4

approach was similarly adopted by the Eleventh Circuit in *In re Tennyson*, --- F.3d ---, 2010 WL 2793941 (11th Cir. (Ga.))

The Vickers' proposed plan payments of $595.00 are based on Form B22, but based on Schedules I & J their plan payments would be $1,002.21. This is a significant change in Debtors' income and expenses of the type contemplated by the Supreme Court in *Lanning* and it is appropriate to go beyond Form B22 in calculating the Vickers' monthly plan payments. Similarly, the Wades' proposed plan payments of $608.00 are based on Form B22. That plan payment amount would jump to $905.94 if calculated based on Schedules I & J. This is a significant change in the Wades' income and expenses and it is appropriate to go beyond Form B22 in calculating their monthly plan payments.

Judis Ross' proposed plan payments of $888.00 are based on Form B22, but based on Schedules I & J the payments would need to increase to $905.94. This is not a significant change of the type contemplated by the Supreme Court in *Lanning*, and the Court need not go beyond Form B22 in determining Ross' monthly plan payments. Cynthia McNeil's proposed plan payments of $605.00 are based on Form B22, but based on Schedules I & J, her payments would need to increase to $648.67. This does not reflect a significant change in McNeil's income and expenses and the Court need not go beyond Form B22 in determining McNeil's proposed plan payments. The Lawtons' plan payments of $634.00 are based on Form B22, but based on Schedules I & J, their plan payments would need to increase to $707.02. Like Ross and McNeil, there has not been a significant change in income or expenses that would lead the Court to go beyond Form B22 in determining the Lawtons' plan payments.

5

For these reasons, the Trustee's Objections to Confirmation are due to be GRANTED with regards to the Vickers' and the Wades. The Trustee's Objections to Confirmation are due to be DENIED with regards to Ross, McNeil, and the Lawtons.

Therefore is it ORDERED that Trustee's Objections to Confirmation are due to be GRANTED in part and DENIED in part.

Dated: August 17, 2010

MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE

WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE

Case 10-01427   Doc 25   Filed 08/17/10   Entered 08/17/10 14:24:14   Desc Main
Document     Page 6 of 6